ORDERED.

Dated: July 07, 2017

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| ROBERTO LUIS RODRIGUEZ, ) | Case No. 6:17-bk-02805-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

The Court considers the Chapter 7 Trustee's Motion for Reconsideration of Order Granting Motion for Relief from Stay without a hearing.[1] The Motion is denied.

On May 22, 2017, Creditor U.S. Bank National Association filed a Motion for Relief from Stay related to property in Newburgh, New York.[2] The Motion was filed properly with negative notice.[3] No party responded to the Motion. After expiration of the negative notice period, the Court entered the Order Granting Motion for Relief from Stay.[4]

---

[1] Doc. No. 14.
[2] Doc. No. 9.
[3] Doc. No. 9, p. 1. Local Rule 2002-4 and the Court's "Use of Negative Notice" list allow the filing of Motions for Relief from Stay by negative notice.
[4] Doc. No. 10.

1

The Chapter 7 Trustee now seeks reconsideration of the Order Granting Motion for Relief from Stay.[5] The sole reason for reconsideration is that the Trustee has listed the property for sale and "seeks a consented sale with creditor."[6]

Reconsideration of an order under Rule 59 is appropriate where there is: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) clear error or manifest injustice.[7] Reconsideration under Rule 59 "is an extraordinary remedy to be employed sparingly" due to interests in finality and conservation of judicial resources.[8] "A trial court's determination as to whether grounds exist for the granting of a Rule 59(e) motion is held to an 'abuse of discretion' standard."[9] "Far too often, litigants operate under the assumption … that any adverse ruling confers on them a license to move for reconsideration, and utilize such platform to relitigate issues that have already been decided or otherwise seek a 'do over.' Such use of Rule 59 is improper."[10]

Trustee asserts no intervening change in controlling law, newly discovered evidence, clear error, or manifest injustice. Trustee simply failed to respond to the Motion for Relief from Stay. Trustee had at least 21 days to respond to the Motion but did not act. That is no basis for reconsideration of the Order.

Accordingly, it is

**ORDERED** that the Motion for Reconsideration (Doc. No. 14) is **DENIED.**

---

[5] Doc. No. 14.

[6] Doc. No. 14, ¶ 4.

[7] *Beepot v. JP Morgan Chase Nat'l Corp. Servs.*, 626 Fed. App'x 935, 939 (11th Cir. 2015). Federal Rule of Civil Procedure 59 is incorporated into the Bankruptcy Code by Federal Rule of Bankruptcy Procedure 9023.

[8] *Mathis v. United States (In re Mathis)*, 312 B.R. 912, 914 (Bankr. S.D. Fla. 2004) (quoting *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)) (internal quotation marks omitted).

[9] *In re Mathis*, 312 B.R. at 914 (citing *Am. Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985) ("The decision to alter or amend judgment is committed to the sound discretion of the [trial] judge and will not be overturned on appeal absent an abuse of discretion.")).

[10] *Woide v. Federal National Mortgage Association (In re Woide)*, No. 6:16-cv-1484-Orl-37, 2017 WL 549160 at *2 (M.D. Fla. Feb. 9, 2017).

###

Trustee, Arvind Mahendru, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.